In the Matter of Hugh A. Coulbourn, Petitioner, against Milton L. Burns, as County Treasurer of Suffolk County, Respondent.

Supreme Court, Special Term, Suffolk County, December 8, 1954.

*Charles E. Lapp, Jr.,* for petitioner.

*Lloyd P. Dodge, Acting County Attorney,* for respondent.

HILL, J. This is an article 78 proceeding brought on by order to show cause to compel the respondent " as County Treasurer of Suffolk County (1) to accept from petitioner the purchase price of each and every parcel sold by him on his tax sale held November 16th, 1954 to any person other than the County of Suffolk at an interest rate of 6%; (2) to mark his records of all such sales so as to indicate a sale to petitioner of the said item at an interest rate of 5%; and (3) to issue to petitioner certificates of sale upon all the aforesaid purchases ".

The principal facts are not in dispute. Respondent, as County Treasurer of Suffolk County, New York, on November 16, 1954, sold lands at auction located in Suffolk County, New York, for unpaid 1953/54 real estate taxes pursuant to the provisions of the Suffolk County Tax Act (L. 1920, ch. 311, as amd.). Section 45 of the Suffolk County Tax Act provides: " *Sale of property for unpaid taxes.* If the owner, mortgagee or occupant of or party in interest in such real estate do not pay such tax or assessment, with the costs, additions and charges, within the period stated in such advertisement, then the county treasurer shall, without further notice, commence the sale of lands specified in such notice of sale on the day set for that purpose and continue the sale from day to day until every such lot or parcel is sold. Such lands shall be sold for an amount sufficient to pay all the taxes and assessments due thereon for the years for the taxes of which said sale shall be made with interest thereon to the time of sale, and all costs, expenses and charges accrued

thereon and, subject to reductions as herein provided said amount paid for such property shall carry and bear the maximum interest and penalties as follows: Six per centum on the purchase price, if redeemed within six months of date of sale. An additional six per centum on purchase price if redeemed after the expiration of six months and within twelve months of the date of sale. An additional six per centum on the purchase price if redeemed after the expiration of twelve months and within a period of eighteen months of date of sale. An additional six per centum on the purchase price if redeemed after the expiration of eighteen months and within a period of twenty-four months of date of sale. An additional six per centum on the purchase price if redeemed after the expiration of twenty-four months and within a period of thirty months of date of sale. An additional six per centum on the purchase price if redeemed after the expiration of thirty months and within thirty-six months of date of sale. The rate of interest at which any person or persons shall offer to take the lot or parcel of land to be sold shall be established by his bid. The rate thus established shall be the rate of interest for every period of six months or fraction thereof up to the time of the redemption of the property purchased and until the expiration of three years, plus all taxes paid by the purchaser with interest thereon at six per centum per annum to the date of payment.''

Ever since the Suffolk County Tax Act became law it has been the practice of each County Treasurer of Suffolk County to give preference at the various tax sales to persons financially interested in the real property to be sold, i.e., mortgagees, owners and certificate holders (persons who purchased the property at a prior tax sale). The maximum rate of interest for which property can be sold for taxes is 6% for each six-month period or fraction thereof. The minimum for a like period is 1%. At a tax sale auction, the lowest interest rate bid is the highest bid, and unless a '' preferred '' bidder is involved, the County Treasurer accepts the bid which offers the lowest interest rate. Not only has it been the custom for the County Treasurer to give preference to certificate holders, but to refuse in such instances to accept bids lower than the maximum interest rate.

At the sale held on November 16, 1954, petitioner appeared and offered to bid less than 6%, namely 5%, on all properties customarily sold to certificate holders. The County Treasurer refused to accept this bid on the property in question, or any subsequent bid where a certificate holder was involved.

The question presented is whether the County Treasurer of Suffolk County legally may grant a preference in the sale of land for unpaid taxes to the bidder of a prior tax sale certificate on the parcel offered, or to the mortgagee or owner of such parcel, and sell to such preferred bidder the land at the maximum interest rate of 6%, although other persons offer (by bidding) a lesser amount of interest rate.

Cooley on Taxation (3d ed., vol. 2, pp. 943–944, citing *Townsend Sav. Bank* v. *Todd,* 47 Conn. 190) states: " It is essential to the validity of tax sales, not merely that they should be conducted in conformity with the requirements of the law, but that they should be conducted with entire fairness. * * * But any act on the part of the officer which tends to prevent fair competition will be fatal to the sale ".

In Ruling Case Law (vol. 26, Taxation, § 355), it is stated: " Perfect freedom from all influences likely to prevent competition in the sale should be, in all cases, strictly exacted, and the proceeding should be closely scrutinized, and whenever it has been characterized by fraud or unfairness, it should be set aside ".

While the court is convinced that the respondent in following long-established custom and practice did so in utmost good faith and in the belief that he was conducting the sale pursuant to law, the clear and unambiguous language of the statute (Suffolk County Tax Act, § 45) requires the conclusion that the custom was contrary thereto and tended to prevent fair and open competition at the tax sales conducted under its authority. In the American and English Encyclopedia of Law (1st ed., vol. 27, pp. 806–807) it is stated: " When a statutory provision is ambiguous, evidence of usage may be admissible to interpret the real meaning of the provision. This is especially the case with ancient statutes. Where the statute is modern, the court will consider how far it was intended to modify a usage existing at the time of its passage. But when a statute is free from ambiguity, neither contemporaneous construction nor established usage can be received in its interpretation."

The statute here under consideration is neither ambiguous nor ancient. In so many words it provides: " The rate of interest at which any person or persons shall offer to take the lot or parcel of land to be sold shall be established by his bid." This provision clearly negatives the custom and practice above described which is inconsistent with the concept of an " *auction* " sale as we know it.

It is common knowledge that the amount paid for real property sold at a tax sale is but a fraction of its market value. It is also common knowledge that many, if not most, owners redeem the property by paying the assessments, penalties and interest within the three-year statutory redemption period. In providing for a tax sale at auction, which, by custom and usage dating back to ancient times, has come to mean full, fair and open bidding with the sale (knocked down) to the highest bidder, it is evident that the framers of the statute in question intended to protect both the property owners and the county in collecting delinquent taxes.

It follows that the 6% bids on all properties, the subject of this proceeding, are void. Since the time when another sale may legally be held has passed, the court must deem the petitioner to be the highest bidder at the sale held on November 16, 1954; he, therefore, is entitled to tax sale certificates upon payment of the several amounts due on each parcel involved.

Proceed on notice.